## VÁZQUEZ ET AL *v.* MARTÍNEZ.

### APPEAL from the District Court of Mayagüez.

No. 3.—Decided April 19, 1906.

SUIT FOR RESCISSION—ESSENTIAL REQUISITES OF COMPLAINT—DEMURRER.—Where a suit for rescission is brought the complaint must contain the allegations to show that the plaintiff is a prejudiced creditor, that there is no other remedy for the recovery of his money by reason of the fact that the debtor has gone into voluntary bankruptcy and that the plaintiff has no other remedy by which to repair the damage suffered. In the absence of these allegations a demurrer, based on the ground that the complaint does not state sufficient facts to constitute a cause of action, will be sustained.

APPEAL—JURISDICTION.—Where a judgment has not been appealed from in all its parts, the Supreme Court can not reverse the same in respect to those points which have been accepted.

ID.—ERRORS OR DEFECTS WHICH DO NOT AFFECT THE RIGHTS OF THE PARTIES.— A judgment will not be reversed or vacated by reason of an error or defect which does not essentially affect the rights of the parties.

*Mr. Vázquez* for the appellant.

The respondent did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Fernando Vázquez, in his own name and on behalf of Antonio Manrique, filed the following complaint in the District Court of Mayagüez:

"Exercising a real and personal mixed action, I file a complaint against Victor Martínez and his wife, Secundina González, against their son, Victor Primo Martínez, all residents of this place, against Julio Osvaldo Abril, a resident of Aguadilla, and against Agustín Amell, not residing in this Island and whose whereabouts is unknown, the said complaint being based on the following grounds:

"First. That Victor Martínez presecuted a declaratory action in this district court against María Moreno, for the dissolution of an attachment, in which judgment was rendered on November 25, 1901,

in favor of the defendants, taxing the costs against Victor Martínez; which judgment became final and *res adjudicata.*

"Second. Upon the costs being taxed against Victor Martínez, he took exception to the taxation of costs, which exception was overruled by an order of this court of May 19, 1902, and the concordant decision, which also became final by decision of the Supreme Court, with the costs against the plaintiff Martínez.

"Third. The said Victor Martínez also prosecuted a declaratory action in this court against María Moreno, for the annulment of a deed, in which action judgment was rendered October 8, 1902, dismissing the complaint and taxing the costs against Martínez, which judgment became final when the Supreme Court, by order of January 30, 1903, held the appeal taken to have been abandoned.

"Fourth. The costs of this action having been taxed, they were excepted to by Victor Martínez, against whom they had been taxed. This exception was decided by final order of May 19, 1902.

"Fifth. Many months after judgment had been rendered in the action referred to in the first finding of fact, and also in the second, both taxing the costs against Martínez, the latter proceeded to fraudulently dispose of his property in the following manner: By deed executed before Alfredo Arnaldo on September 9, 1903, he sold to his son, Victor Primo Martínez, a mortgage credit which he held against Domingo Rivera, amounting to 16,134.44 provincial *pesos,* and the agreed interest of 15 per cent, and another mortgage credit which he held against Arcadio Ruiz y Quiñones, for $200, and a rural estate in the *barrio* of Furnias, in the municipal district of Las Marías, consisting of 142.77 *cuerdas,* all for the sum of $9,100, which he acknowledged having received before the execution of the deed.

"By deed executed before Juan Mercader, a notary of Aguadilla, on September 14, 1903, the said Martínez sold to Julio Osvaldo Abril five estates in San Sebastián, the first having an area of 33 *cuerdas,* with a house, in the *barrio* of Guatemala; the second, in the same *barrio,* with an area of 40.51 *cuerdas;* the third, in Hato Arriba, of 51.70 *cuerdas;* the fourth, in the same *barrio,* of 53.47 *cuerdas;* and the fifth, in the *barrio* of Guatemala, of 18.50 *cuerdas;* all for the sum of $5,400, which the vendor Martínez acknowledged having received before the execution of the deed, which was recorded in the Registry of Property of Aguadilla, according to an entry in the journal, No. 692, which appears at folio 200, reverse side, of volume 12 thereof.

"By deed of September 22, 1903, executed before Notary Juan Mercader, Victor Martínez constituted a voluntary mortgage in favor

of Agustín Amell y Massó, as security for the sum of $13,600 as principal, and $1,200 more for expenses and costs, upon the estates in the district of San Sebastián: The first, in the *barrio* of Percha, having an area of 182 *cuerdas,* more or less, as security for $7,500 of the debt and $500 for costs; the second, of 90.87 *cuerdas,* in the same *barrio,* as security for $5,500 of the principal, and $200 for costs; and the third, of 17 *cuerdas,* in the *barrio* of Magos, as security for $600 and $200 for costs. By deed of October 15, 1903, executed in Mayagüez before Notary Arnaldo y Sevilla, the said Martínez sold to his son, Victor Primo Martínez, four estates, the first, of 77 *cuerdas,* in the *barrio* of Culebrinas, for $1,000; the second, in the same *barrio,* of 5.54 *cuerdas,* for $125; the third, in the *barrio* of Bajo Mamey, of from 17 to 18 *cuerdas,* for $400; all in San Sebastián; and the fourth, an urban masonry building, or rather, its ruins, as it had been destroyed by fire, facing the plaza of San Sebastián, for $300, which he acknowledged having received before the execution of the deed, which was recorded in the Registry of Property of Aguadilla, according to entry No. 713, at folio 207, of volume 12, of the journal.

"And by deed of October 15, 1903, executed before Notary Arnaldo y Sevilla, of this city, the said Martínez conveyed to Agustín Amell y Massó a mortgage credit which he held against Vicente Hermida y Jorge, for $8,095, which he acknowledged having received before the execution of such deed, which was recorded in the Registry of Property of Aguadilla, according to entry No. 712, at folio 205, reverse side, of volume 12, of the journal.

"Sixth. The only purpose of the alienations made by Victor Martínez and of the constitution of the mortgage by him in favor of Agustín Amell, was to defraud the Estate of Antonio Manrique de Lara and the undersigned attorney, evading payment of the amounts he owes them for costs in the action referred to in the first and second statements of fact.

"Seventh. Upon notice being served on Victor Martínez of an attachment levied on 20 *cuerdas* of land considered to be his property, situated in the *barrio* of Piedras Blancas, in the municipal district of San Sabastián, he stated, in words written in his own hand, that they did not belong to him.

"Three certified copies and two uncertified copies of the deeds referred to are attached.

"For all the reasons stated, I pray the court that, after admitting this complaint, it render judgment in due time after the legal formalities, declaring the rescission of the contracts referred to in the fifth

statement of fact, owing to their having been executed in fraud of creditors, and, consequently, ordering the cancellation of the record in the Registry of Property of Aguadilla made in favor of the acquirers thereof. I pray for justice. Mayagüez, September 8, 1904.— Fernando Vázquez.''

The defendant, Victor P. Martínez, in his own right and on behalf of Secundina González y Gómez and Victor Martínez y Martínez, demurred to the complaint upon the following ground, among others, which demurrer was overruled:

''That the complaint does not state facts sufficient to constitute a cause of action'' (Subdiv. 6 of sec. 105 of the Code of Civil Procedure).

The other defendant, Julio Osvaldo Abril, also demurred to the complaint on the following ground, among others, which was also overruled:

''That there is a misjoinder of parties defendant.'' (Subdiv. 4 of sec. 105 of the Code of Civil Procedure).

The plaintiffs amended the complaint by the addition of some words which did not modify or change the original complaint in any respect, for which reason the defendants demurred again on the same grounds.

The judge of the District Court of Mayagüez, on December 15, 1905, held that the law in this case was in favor of the defendants, Victor P. Martínez, Secundina González, and Vistor Martínez, and sustained the demurrer, dismissing the complaint with the costs against the plaintiffs, and at the same time ordering that this action should be stricken from the calendar of civil cases ''because the exercise of a rescissory action of a special nature being involved, as is that of creditors to demand the rescission of contracts entered into by the debtor for the purpose of defrauding them, the allegations of the complaint are in every respect insufficient to constitute a cause of such rescissory action, in that it does not

state the facts from which the two legal circumstances are to be derived which are essential for the exercise of such action, namely, first, that the plaintiffs by reason of these contracts entered into by the defendant debtor cannot by any means other than the rescission recover the amounts due such plaintiffs, showing that said debtor has placed himself in a state of voluntary insolvency, in accordance with the provisions of subdivision 3 of section 1258; and, second, a rescissory action being a subsidiary action, the plaintiffs do not show in their complaint that they are prejudiced creditors, nor much less that they are without any other legal remedy to obtain reparation of the damage, as required by section 1261 of said Civil Code.''

With regard to the demurrer to the complaint filed by the other defendant, Julio Osvaldo Abril, the Mayagüez court held on the same date and in the same decision that ''although it appears to be evident that the interest or right of the parties defendant who have taken part in the execution of the contracts the rescission of which is sought, may be affected by the judgment, and in this sense the law permits that all the contracting parties be made defendants for the purposes of the rescissory action brought; notwithstanding this the court is of the opinion that the plaintiff creditors, not having stated the amounts of their respective credits in the complaint, there has been a premature joinder or misjoinder of parties defendant in so far as the persons who acquired the estates or rights, the subject of such contracts, are concerned, as it has not been shown, nor does it appear on the face of the complaint, that the rescission of one or more of the contracts referred to therein is not sufficient to provide property with which to meet the amounts of the debts in favor of the plaintiffs, but that it is necessary that all these contracts be rescinded in order to provide for the full amount of these debts.''

Fernando Vázquez, in his own right and on behalf of Antonio Manrique, took an appeal from this decision in so

far as it sustained the demurrer of the defendant Martínez. He subsequently appeared in this court and presented his brief, alleging that his complaint set up facts sufficient to constitute the action brought, and that the Code of Civil Procedure provides that the circumstances mentioned by the judge should be specified, closing with the prayer that the decision of December 15, 1905, appealed from be reversed as to the point that the complaint does not set up facts sufficient to constitute a cause of action, and that the judge of the District Court of Mayagüez be further ordered to decide the demurrer filed by Julio Osvaldo Abril, to which reference has been made above.

The respondents did not appear in this court which held the hearing without any of the parties appearing.

In considering the demurrer filed by the defendant, Victor P. Martínez, in his own right and on behalf of the party he represents, on the ground that "the complaint does not state facts sufficient to constitute a cause of action," we think that the judge of the Mayagüez court embodies in his decision reasons which are in themselves sufficient to justify the sustaining of the demurrer.

The law cannot be casuistical as the appellant apparently seeks to show in his brief, and for this reason does not attempt to determine in every case the terms in which a complaint should be drawn, but does establish a general outline to which the parties should so conform as to avoid an objection such as that made in this case.

Section 103 of the Code of Civil Procedure specifically enumerates the matters which every complaint should contain, among others being "a statement of the facts constituting the cause of action, in ordinary and concise language."

A rescissory action is exercised in the complaint, hence the complaint should contain the allegations necessary to show the character of prejudiced creditors; that there are no other means of recovering the credit, because the debtor has voluntarily placed himself in a state of insolvency, and that

there is no other remedy for repairing the damage caused them, and the trial judge has properly noted these deficiencies in sustaining the demurrer to the complaint.

With regard to the demurrer of the other defendant, Julio Osvaldo Abril, on the ground that "there is a misjoinder of parties defendant," although it is true that it does not appear that the judge has sustained it in an express and definite manner, this has been due to nothing but absent-mindedness, because his purpose in this sense is very clearly revealed, inasmuch as the reasoning alone which he employs has a perfectly marked tendency to this end.

The appellant, Fernando Vázquez, seeks to have us order the judge of Mayagüez to render a decision on this demurrer, when we believe that he has sustained it in an implied manner, but at any rate the decision was not appealed from in this respect, and without jurisdiction we cannot take any action; and, even if we had jurisdiction, we could not reverse or set aside a judgment on account of an error or defect which does not affect the substantial rights of this party, according to section 142 of the Code of Civil Procedure, especially when, if this party believed in good faith that the demurrer had not been decided, he could in due time, by motion, have requested such explanation as he might have considered necessary, although, we repeat, the omission, if it existed, could in no way prejudice his rights, because the person whose right it could prejudice is the defendant who filed the demurrer.

For the reasons stated, the decision of the District Court of Mayagüez of December 15, 1905, should be affirmed, with the costs against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Mac-Leary and Wolf concurred.